IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.

**MICHAEL DEVRIES**

    Plaintiff,

v.

**FARMERS INSURANCE COMPANY**

    Defendant.

---

## COMPLAINT

---

COMES NOW, Plaintiff, Michael Devries, by and through his attorneys, Collin J. Earl and Ryan T. Earl of EARL & EARL PLLC, hereby submits his Complaint against Defendant Farmers Insurance Company and aver as follows:

### IDENTIFICATION OF PARTIES

1. Plaintiff, Michael Devries, is a resident of the State of Colorado.

2. Defendant Farmers Insurance Company (hereinafter referred to as Defendant Farmers) at all times relevant, a foreign corporation licensed to conduct business in Colorado.

### JURISDICTION AND VENUE

3. Plaintiff incorporate herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

4. Article VI, Section 9 of the Constitution of the State of Colorado provides that the District Court shall be the trial court of record with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute and shall have such jurisdiction as may be prescribed by law.

5. The accident giving rise to this litigation took place in Mohave County, State of Arizona, on September 2, 2014.

6. The UIM contract of insurance was entered between Plaintiff and Defendant Farmers in the State of Colorado.

7. This is an action for damages in excess of the sum of $75,000.00, exclusive of costs, interest and attorney's fees.

8. Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado to the diversity.

9. Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado to the diversity.

## **FACTUAL ALLEGATIONS**

10. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

11. This Complaint arises from a motor vehicle accident which occurred on September 2, 2014, in which Plaintiff was injured.

12. On or about September 2nd, 2014, Plaintiff Devries was the restrained driver of his 1996 Subaru Legacy on September 2, 2014, who was traveling Northbound on Retail Way near the intersection of US Highway 95 with his wife, who was the

passenger in his vehicle and was also injured in this accident, when your insured, Rhonda Long, rear-ended Mr. Devries' vehicle. Your insured admitted on scene to Officer Tony Van Dyn Hoven from the Bullhead City Police Department that she did not see Mr. Devries and collided with the rear of his Subaru.

13. The tortfeasor failed to keep proper look out and rear-ended Plaintiffs' vehicle. The tortfeasor and vehicle were insured by Horace Mann Insurance Company.

14. Plaintiff has resolved their claims against the tortfeasor for the policy limits and received permission from Defendant Farmers to settle with the tortfeasor's carrier, Farmers.

15. A copy of the traffic accident report is attached hereto as **Exhibit 1**.

16. Plaintiff Devries has an Under Insured Motorist (hereinafter UIM) policy with Farmers which was in force and effect at the time of the motor vehicle accident.

17. The Farmers policy provides UIM benefits of $100,000.00 per person/$300,000.00 per accident.

18. Plaintiffs have been unable to reach an agreement with Farmers regarding the amount of damages.

19. As a result of the motor vehicle accident, Plaintiff has sustained serious personal injuries.

20. As a further direct and proximate result of the motor vehicle accident, Plaintiff has sustained past and future non-economic losses, including, but not limited to: pain and suffering, inconvenience, loss of enjoyment of life, emotional distress; past and future economic losses including medical and rehabilitation expenses, vocational rehabilitation expenses, impairment of earning capacity, loss of time, and

lost wages; and past and future physical impairments.

21. Further, Plaintiff Devries has incurred over $39,000.00 in past medical expenses and is still receiving medical treatment and will incur future medical and rehabilitation expenses.

22. Defendant has refused tender the limits of their policy and refuses to explain how they came to their conclusions. Therefore, Plaintiff has been forced to file this lawsuit, and thereby dilute his UIM benefits in order to seek full compensation for his injuries that he suffered as a result of the motor vehicle accident.

23. Under Colorado Law, "A first-party claimant ...whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit". *Colo. Rev. Stat.* §10-3-1116.

24. Defendant Farmers has unreasonably breached its insurance contract and has unreasonably delayed and denied Plaintiffs' claims.

## **FIRST CLAIM FOR RELIEF**
### *Breach of Contract by Defendant*

25. Plaintiff Devries re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

26. Plaintiff is named insured on a contract of insurance between Farmers and Plaintiff.

27. Plaintiff is beneficiarys of the contract of insurance between Plaintiff and Farmers.

28. Farmers has refused to provide Plaintiff with certain UIM benefits pursuant to the contract of insurance.

29. As a result of Defendant Farmers's breach of its contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including, without limitation, non-payment of UIM limits for Plaintiff; statutory interest on Plaintiff's UIM benefits from the date of the accident to present; statutory interest over UIM limits; reasonable costs; reasonable attorney's fees; and other economic losses resulting from their unpaid UIM benefits that was required to be paid under the UIM provisions of his UIM auto insurance policy.

## SECOND CLAIM FOR RELIEF
### *Unreasonable Breach of Contract by*

30. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

31. An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably delays or denies payment of the UIM benefits or engages in unreasonable conduct or assumes an unreasonable position regarding payments of UIM benefits.

32. "If an insurer lacks a 'reasonable basis' to deny a claim, the claim is not 'fairly debatable.'" *Geiger v. American Std. Ins. Co.*, 192 P.3d 480 (Colo. App. 2008).

33. Defendant owed duties to Plaintiff under the policy's implied covenant of good faith and fair dealing, including the duty to investigate and adjust Plaintiff's entitlement to UIM benefits in good faith.

34. Defendant's policy of insurance includes an implied covenant of good faith and fair dealing requiring that Farmers would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly; faithfully perform its duty of representation; and do nothing negligent or willful to impair, interfere with, hinder, or potentially injure their rights to receive UIM benefits of the Farmers' policy.

35. Farmers' failure to act in good faith (not the condition of non-payment) leads to tort liability. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo. 1984). *(See also Colo. Rev. Stat.* §10-3-1116, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit.") Thus, Farmers' continued bad faith denial of UIM benefits established Plaintiffs' rights to recover under §10-3-1116(1).

36. Plaintiff also suffered non-economic damages, including emotional distress arising out of Farmers' unreasonable breach of insurance contract. See *Goodson v. American Standard*, 89 P.3d 409, 412 (Colo. 2004) (holding that "in a tort claim against an insurer for breach of the duty of good faith and fair dealing, the Plaintiffs may recover damages for emotional distress without proving substantial property or economic loss.")

37. The following unreasonable conduct by Farmers violates the Unfair Claims Practices Act - C.R.S. §10-3-1101 et seq. and caused damages, injuries, and losses to Plaintiffs, including, but not limited to the following:

  A. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

C. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

D. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

E. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

F. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

G. Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or

H. Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

38. Plaintiff submitted reasonable proof of injuries, damages, and losses, including his likely future medical and rehabilitation bills and past medical and rehabilitation bills incurred, to Farmers.

39. Farmers failed to perform its obligations pursuant to the insurance contract, and has willfully and negligently and unreasonably delayed their investigation and, willfully and negligently and unreasonably made decisions adversely affecting Plaintiff.

40. By denying and/or delaying payment of his entitlement to his UIM benefits, Farmers has acted unreasonably. Farmers conduct alleged herein was purposeful and calculated.

41. Defendant had to have realized that the decision to deny or delay UIM benefits was in direct contravention of their obligations under Plaintiff's insurance contract with Defendant. The denial and/or delays in payment of UIM benefits was done recklessly and with knowledge, either actual or constructive, of the destruction, hassle, and emotional distress that the bad faith denial and/or delays would have on Plaintiff.

41. These wanton and reckless acts or omissions by Farmers were committed with knowledge and intent and were not contemplated to be in the best interest or within the legal rights of the insured.

42. Further, Defendant Farmers' policy is against public policy because it forces the insured to litigate by not allowing the insured to choose arbitration, and allows Farmers to collect interest on Plaintiff's UIM benefits, and therefore, it dilutes the insured's benefits under Farmers' UIM insurance policy.

43. Further, Farmers breached its duty of good faith and fair dealing because it unreasonably denied and/or delayed payment of his UIM benefits and Farmers knew that the delay or denial was unreasonable or recklessly disregarded whether its position was unreasonable.

44. As a result of Farmers' unreasonable breach of its insurance contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional

distress caused by Farmers' unreasonable breach of contract; statutory interest on his UIM benefits from the date of the accident to present; statutory interest over their UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefits.

### THIRD CLAIM FOR RELIEF
*Unreasonable Delay or Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees and Court Costs, and Two Times the Covered Benefit*

45. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

46. On March 18, 2017, Plaintiff submitted a demand for policy limits and at no time has Farmers made an offer.

47. Pursuant to Colo. Rev. Statues 10-3-1116(1), "a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

48. Farmers acted unreasonably in that it unreasonably failed to investigate and adjust for Plaintiff's entitlement to UIM benefits in unreasonably delaying and/or denying payment of their UIM benefits.

49. As a result of Farmers' unreasonable breach of its UIM insurance contract with Plaintiff, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by Farmers' unreasonable breach of insurance contract; statutory interest on his UIM benefits from the date of the accident to present; statutory interest over the UIM limits; reasonable costs; reasonable attorney's fees;

and two times the covered benefit.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Farmers Insurance Company in an amount that fully and fairly compensates Plaintiff for his injuries, damages and losses, both past and future; for payment of all unpaid UIM benefits to compensate him for their non-economic, economic, and physical impairment damages; double the recovered benefit and reasonable attorney fees and costs incurred in obtaining payment of the UIM benefits by the filing of this action pursuant to Colo.Rev.Stat §10-3-1116; for general damages, including emotional distress resulting from the bad faith breach of insurance contract, in an amount to be determined by the trier of fact; special damages as proved, together with pre-judgment interest from the date of Plaintiff's injuries as described and alleged above; and post-judgment interest as allowed by law. Plaintiff further prays that judgment be entered and that the Court also award costs, expert witness fees, and such other and further relief as this Court may deem just and proper.

Respectfully submitted this 19th day of September 2017.

/s/Collin Joseph Earl, Esq.
Collin Joseph Earl, Esq., # 41808
Ryan Thomas Earl, Esq., # 45910
EARL & EARL PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906
Telephone (719) 900-2500
collin@earlandearl.com

Plaintiff's Address:
C/O
Earl & Earl, PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906